UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN D. COOK, | No. 2:14-cv-0722 AC |
| Plaintiff, | |
| v. | ORDER |
| SOLANO COUNTY JAIL, et al., | |
| Defendants. | |

Plaintiff, evidently a county jail inmate,[1] seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. ECF No. 4.

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

---

[1] Although plaintiff provides a private address in the case caption of the prisoner complaint form, in his in forma pauperis application he plainly identifies the Solano County Jail as his "current place of incarceration," and an "inmate balance history report" from the Solano County Jail supports his IFP request. See ECF No. 2.

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

1     In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

    Plaintiff names as defendants the Solano County Jail; the Claybank Correctional Facility; Napa State Hospital; and Gary Stanton, identified as the "coroner" at Solano County Jail.[2] Plaintiff alleges that in October or November of 2005, he was raped in Solano County Jail "by 30 some odd people" and his "shoulder plates were removed." Plaintiff alleges that he was later transferred to the Claybank Facility where he was "sex raped" orally until his "testes were bone dry." His vertebrae from his neck to his lower spine were "tweaked" causing discs in his spine to be broken. He claims that there is a possibility his neck was "snapped." Plaintiff alleges since his shoulder plates were removed, his rib cage was crushed. Upon his transfer to Napa State Hospital his groin was somehow "mutilated," "someone" placed a pin and "monkey hairs in [his] urethra," and he was "somehow. . . given prosthetic feet." Plaintiff claims that now gangrene is spreading throughout his body. ECF No. 1 at 3-4.

    As relief, plaintiff wants "the charges dropped" and "charges get pressed where applicable" as well as compensation for his injuries. Id. at 3.

    Plaintiff's factual allegations regarding his shoulder blades, urethra and prosthetic feet are inherently implausible and do not raise more than a speculative basis for relief. See Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678. The claims are therefore frivolous within the meaning of § 1915A(b)(1).

    Moreover, the complaint as a whole violates Rule 8 of the Federal Rules of Civil Procedure, which requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990)). Although the Federal Rules adopt a flexible pleading policy, a complaint must provide

---

[2] Gary Stanton is the former Sheriff/Coroner of Solano County.

3

fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim." Id. (internal citation/quotation marks omitted). Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

Plaintiff may be seeking to bring a claim or claims of failure to protect in violation of the Eighth Amendment. "'[P]rison officials have a duty...to protect prisoners from violence at the hands of other prisoners.'" Farmer v. Brennan, 511 U.S. 825, 833 (1994). "[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious'.... For a claim . . . based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. at 834. Second, "[t]o violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind' ... [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." Id. The prison official will be liable only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. The complaint will be dismissed with leave to amend.

In addition, plaintiff fails to link the lone individual defendant he named to any deprivation of his constitutional rights. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423

1 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within
2 the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
3 omits to perform an act which he is legally required to do that causes the deprivation of which
4 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

5 Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
6 their employees under a theory of respondeat superior and, therefore, when a named defendant
7 holds a supervisorial position, the causal link between him and the claimed constitutional
8 violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir.
9 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).
10 Vague and conclusory allegations concerning the involvement of official personnel in civil rights
11 violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

12 Nor is a § 1983 civil rights complaint filed in federal court the appropriate vehicle for
13 seeking dismissal of state criminal charges brought or pending against plaintiff or for attempting
14 to have others criminally prosecuted. The complaint will be dismissed but plaintiff will be
15 granted an opportunity to amend.

16 If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
17 complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v.
18 Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how
19 each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there
20 is some affirmative link or connection between a defendant's actions and the claimed
21 deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
22 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory
23 allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board
24 of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

25 In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
26 make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
27 complaint be complete in itself without reference to any prior pleading. This is because, as a
28 general rule, an amended complaint supersedes the original complaint. See Lacey v. Maricopa

County, 693 F.3d 896, 927 (9th Cir. 2012) ) ("the general rule is that an amended complaint super[s]edes the original complaint and renders it without legal effect... .") Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Solano County filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: September 10, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6